IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CORNHUSKER ENERGY LEXINGTON, LLC, a Nevada Limited-Liability Company, | Case No. _____ |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| PROSPECT STREET VENTURES, | |
| Defendant. | |

COMES NOW Defendant Prospect Street Ventures ("Prospect"), pursuant to 28 U.S.C. §§ 1441(a) and 1446, and hereby files its notice of removal stating and alleging as follows:

1. On or about October 1, 2004, Plaintiff Cornhusker Energy Lexington, LLC ("Cornhusker") filed a Complaint in the District Court of Douglas County, Nebraska ("District Court") against Prospect. Cornhusker purported to serve the Complaint on Prospect on or about November 10, 2004.

2. Cornhusker, at the time the action was commenced in District Court, was a Nevada limited-liability company with its principal place of business in Ralston, Nebraska.

3. Prospect, at the time the action was commenced in District Court, was a Delaware limited liability company with its principal place of business in New York, New York.

4. Cornhusker seeks declaratory judgment declaring that it has no obligation to pay fees demanded by Prospect. The fees at issue total more than Seventy Five Thousand Dollars ($75,000). *See* Declaration of John F. Barry III which is attached hereto as Exhibit A.

5. The United States District Court has original jurisdiction of this civil action for the reason that the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states pursuant to 28 U.S.C. § 1332(a)(1) and (c)(1).

01-640916.2

6. The United States District Court for the District of Nebraska is the United States District Court embracing the place where the action is pending pursuant to 28 U.S.C. § 1441(a).

7. The Notice of Removal is filed within thirty days after the receipt by Prospect through service, of a copy of Cornhusker's Complaint, which is the initial pleading setting forth the claims for relief upon which this civil action is based pursuant to 28 U.S.C. § 1446(b).

8. Prospect will promptly give written notice to Cornhusker of its filing of a Notice of Removal and shall file a copy of the Notice of Removal with the Clerk of the District Court pursuant to 28 U.S.C. § 1446(d).

9. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders filed in the District Court action, including the Complaint and Praecipes for Summons are attached hereto as Exhibits B and C, respectively.

Dated this 17th day of November, 2004.

        PROSPECT STREET VENTURES,
        Defendant,

        By: /s Bartholomew L. McLeay
            Bartholomew L. McLeay #17746
            KUTAK ROCK LLP
            The Omaha Building
            1650 Farnam Street
            Omaha, NE 68102
            (402) 346-6000

## CERTIFICATE OF SERVICE

This certifies the undersigned attorney has caused service of the **NOTICE OF REMOVAL** to be made by mailing by ordinary first-class mail, postage prepaid, to the last known address of the following attorneys representing parties to this action, on this 17th day of November, 2004:

John M. Lingelbach, Esq.
KOLEY JESSEN P.C.
1125 South 103 Street, Suite 800
Omaha, NE 68124

> By /s Bartholomew L. McLeay
> Bartholomew L. McLeay

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CORNHUSKER ENERGY LEXINGTON, LLC, a Nevada Limited-Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>PROSPECT STREET VENTURES,<br><br>Defendant. | Case No. _____<br><br>**DECLARATION OF JOHN F. BARRY III** |

I, John F. Barry III, of lawful age, declares and states:

1. I am an officer of Defendant, Prospect Street Ventures ("Prospect"). I have personal knowledge of the facts set forth in this declaration.

2. I am familiar with the relationship between Prospect and Plaintiff Cornhusker Energy Lexington, LLC. ("Cornhusker") and have reviewed the Complaint ("Complaint") filed by Cornhusker against Prospect in the District Court of Douglas County, Nebraska. The "fee demanded" by Prospect against Cornhusker identified in the Complaint (exclusive of any interest or costs that may be incurred in this litigation) is more than Seventy Five Thousand Dollars ($75,000.00).

I declare under penalty of perjury that the foregoing is true and correct. Executed this ___ day of November, 2004.

John F. Barry III


EXHIBIT A

01-641625.2

**EXHIBIT B**

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| CORNHUSKER ENERGY LEXINGTON, LLC, a Nevada Limited-Liability Company, | ) ) ) ) | Doc. 1042 No. 728 |
| Plaintiff, | ) ) | |
| v. | ) ) | COMPLAINT |
| PROSPECT STREET VENTURES, | ) ) | |
| Defendant. | ) ) ) | |

FILED IN DISTRICT COURT DOUGLAS COUNTY NEBRASKA OCT 01 2004 RUDY J. TESAR CLERK DISTRICT COURT

Assigned to Judge Randall

COMES NOW, the Plaintiff, Cornhusker Energy Lexington, LLC, and for its causes of action against the Defendant alleges and states as follows:

1. This is an action for declaratory judgment as authorized by Neb. Rev. Stat. § 25-21,156 and is being brought because there is an actual controversy now existing among the parties to the above-entitled action as to which Cornhusker Energy Lexington LLC, ("Cornhusker Energy"), seeks a declaratory judgment of this court.

2. Plaintiff, Cornhusker Energy is a Nevada Limited-Liability Company, headquartered in Greenwood, Nebraska with its principal place of business in Ralston, Nebraska and is currently developing an ethanol production facility (the "Project") near Lexington, Dawson County, Nebraska.

3. Defendant, Prospect Street Ventures ("Prospect Street") is believed to be a corporation or other business entity doing business in New York and other states.

**ISSUED**



265502.1



4.     On or about August 4, 2003, Cornhusker Energy and Prospect Street of New York, New York, entered into an "Engagement Agreement" under which Prospect Street was to assist in obtaining prospective, qualified investors for the Project being developed by Cornhusker Energy in Lexington, Nebraska.

5.     In order to induce Cornhusker Energy to enter into the Engagement Agreement, Prospect Street represented to representatives of Cornhusker Energy that it had the ability to provide said services to Cornhusker Energy.  Specifically, Cornhusker Energy representatives asked Prospect Street employees whether they had the authority to act as a broker/dealer pursuant to the Securities and Exchange Act of 1934.  Prospect Street representatives informed Cornhusker Energy that such authority was not necessary because they intended to become an investor in the Project and therefore broker/dealer authority was not required.  Further, representatives of Prospect Street informed Cornhusker Energy that they could obtain the ability to act as a broker/dealer if necessary.

6.     That the above representation regarding Prospect Street's exemption from the broker/dealer requirement was known to be false when made or was made recklessly without knowledge of its truth as a positive assertion.  That such representation was made with the intention that Cornhusker Energy should rely on it.  That Cornhusker Energy did rely upon said representation.  That this representation substantially contributed to Cornhusker Energy's decision to enter into the contract and Cornhusker Energy has been harmed as a result of this reliance.

7.     Subsequent to the entering into the Engagement Agreement, Prospect Street admitted that it would not be investing in the Project and therefore, Prospect

2

265502.1

Street would have to obtain the services of a licensed broker/dealer, namely, Greenfield Capital.

8. That in July and August of 2003, Thomas I. Apperson, as an agent for Prospect Street, traveled to Lexington, Nebraska to meet with representatives of the City of Lexington and to visit the Project site. Further, Apperson and another representative of Prospect Street, Mr. Walter Van Parker issued numerous communications which were directed to Cornhusker Energy in Nebraska, specifically including, e-mails, letters and phone calls.

9. In January of 2004, and pursuant to the Engagement Agreement, Cornhusker Energy terminated its relationship with Prospect Street for Prospect Street's failure to adequately perform its duties.

10. The Defendant Prospect Street breached the Engagement Agreement with Cornhusker Energy by:

a. Failing to act competently and failing to provide Cornhusker Energy with quality investors;

b. Failing to prepare documents which were normally and customarily provided to prospective investors, including but not limited to, presentations and financial documents;

c. Failing to provide and present information to project financiers qualified to provide financing to the project;

d. Distributing information about the project en masse via a spamming technique rather than targeting qualified investors.

e. Providing inadequate advice and guidance to Cornhusker Energy.

3

265502.1

11. Representatives of Prospect Street have made demands upon Cornhusker Energy for payment of "a success fee".

12. Due to the misrepresentations made by representatives of Prospect Street and by the breaches of the Agreement committed by Prospect Street, Prospect Street is not entitled to payment of any fee.

WHEREFORE, Plaintiff, Cornhusker Energy, prays for declaratory judgment against the Defendant as follows:

1. That the court declare the rights and other legal relationships between Plaintiff and Defendant.

2. That the court enter judgment declaring that the Plaintiff has no obligation to pay the Defendant any sums of money including any amounts demanded by the Defendant.

3. That the court declare that Defendant fraudulently induced the Plaintiff to enter into the Engagement Agreement.

4. That the court declare that the Defendant breached the Engagement Agreement in the ways identified above.

5. For the costs of this action.

6. For other and further relief as the court may deem just and equitable under the premises.

Dated this ___1___ day of October, 2004.

4

265502.1

CORNHUSKER ENERGY LEXINGTON, LLC,
Plaintiff,

By: _____
John M. Lingelbach, #20429
KOLEY JESSEN P.C.,
A Limited Liability Organization
1125 South 103 Street, Suite 800
Omaha, NE  68124
(402) 390 9500
(402) 390 9005 (facsimile)
john.lingelbach@koleyjessen.com

Attorneys for Plaintiff.

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| CORNHUSKER ENERGY LEXINGTON, LLC, a Nevada Limited-Liability Company, | ) ) ) | Doc/042 No. 728 |
| Plaintiff, | ) ) | |
| v. | ) ) | **PRAECIPE FOR SUMMONS** |
| PROSPECT STREET VENTURES, | ) ) | |
| Defendant. | ) ) ) ) | FILED IN DISTRICT COURT DOUGLAS COUNTY NEBRASKA OCT 0 1 2004 RUDY J. TESAR CLERK DISTRICT COURT |

**TO THE CLERK OF SAID COURT**

Please issue summons for service with a copy of the Complaint by the New York County Sheriff upon the Defendant Prospect Street Ventures at the following addresses:

John Barry
Prospect Street Ventures
10 East 40th Street
Suite 4400
New York, NY 10016

Dated this _____ day of October, 2004.

CORNHUSKER ENERGY LEXINGTON, LLC,
Plaintiff,

By: _____
John M. Lingelbach, #20429
KOLEY JESSEN P.C.,
A Limited Liability Organization
1125 South 103 Street, Suite 800
Omaha, NE 68124
(402) 390 9500
(402) 390 9005 (facsimile)
john.lingelbach@koleyjessen.com

Attorneys for Plaintiff.

**ISSUED**

EXHIBIT
C

265503.1

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| CORNHUSKER ENERGY LEXINGTON, LLC, a Nevada Limited-Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>PROSPECT STREET VENTURES,<br><br>Defendant. | Doc. 1042  No. 728<br><br>**PRAECIPE FOR SUMMONS** |

**TO THE CLERK OF SAID COURT**

FILED
NOV 5 2004

Please issue summons for service with a copy of the Complaint by a New York Process Server upon the Defendant Prospect Street Ventures at the following addresses:

Prospect Street Ventures
10 East 40th Street
Suite 4400
New York, NY 10016

Dated this ___5___ day of November, 2004.

CORNHUSKER ENERGY LEXINGTON, LLC,
Plaintiff,

By: _____
John M. Lingelbach, #20429
KOLEY JESSEN P.C.,
A Limited Liability Organization
1125 South 103 Street, Suite 800
Omaha, NE  68124
(402) 390 9500
(402) 390 9005 (facsimile)
john.lingelbach@koleyjessen.com

Attorneys for Plaintiff.

265503.2

ISSUED